UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Carlos Brown, | Civil Action No.: 4:17-cv-02859-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Genesis Healthcare, Inc., | |
| Defendant. | |

This matter is before the Court for consideration of Defendant Genesis Healthcare, Inc.'s ("Genesis") objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1]  ECF Nos. 53, 57.  The Magistrate Judge recommends denying Genesis's motion for summary judgment.

**<u>Standard of Review</u>**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court must conduct a *de novo* review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff Carlos Brown ("Brown"), represented by counsel, brings this employment action against his former employer, Genesis, alleging: (1) discrimination on the basis of race and sex pursuant to Title VII of the Civil Rights Act of 1964 (Title VII"); (2) retaliation in violation of Title VII; (3) race and sex discrimination in violation of South Carolina Human Affairs Law ("SCHAL"); (4) retaliation under SCHAL; and (5) discrimination and retaliation under the Equal Pay Act ("EPA").[3,4,5] ECF No.

---

[2] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] *See* 42 U.S.C. §§ 2000e *et seq.* (Title VII); S.C. Code Ann. §§ 1-13-10 *et seq.* (SCHAL); 29 U.S.C. § 206(d) (EPA).

[4] Brown may have also sought to bring claims for sexual harassment. *See* ECF No. 1 at 3 (alleging "Plaintiff was subjected to sexual harassment from on or about August 12, 2016, through on or about September 13, 2016, when he was sent a social media friend request from his Lab Manager, a white female, which he denied on several occasions; when he was sent inappropriate text messages; when he was subjected to attempts to hug him."). The Magistrate Judge recommends Brown has abandoned any sexual harassment claims by failing to respond to Genesis's argument to dismiss said claims, and has further failed to state such claims. ECF No. 53 at 6-7. For those reasons, the Magistrate Judge suggests Brown's claims of sexual harassment - to the extent he brought any - are due to be dismissed. *Id.* at 7. Brown raises no objection to the Magistrate Judge's recommendation regarding sexual harassment claims. *See* ECF No. 59. Further, the Court agrees with the Magistrate Judge's well-reasoned analysis regarding the potential sexual harassment claims. Accordingly, Brown's sexual harassment claims - to the extent he sought to bring any - are due to be dismissed.

[5] Genesis's motion for summary judgment fails to address Brown's retaliation claim under the EPA. *See* ECF No. 40 (providing no argument regarding Brown's EPA retaliation claim). In his response to Genesis's motion for summary judgment, Brown indicates he is bringing a retaliation claim under the EPA. ECF No. 43 at 11-12. Having reviewed Brown's complaint, the Court finds Brown brings a claim for retaliation under the EPA. *See* ECF No. 1 at 1 ("This action is also brought to remedy discrimination and retaliation under the Equal Pay Act"); *id.* at 7 (seeking remedies for discriminatory and retaliatory treatment under *inter alia* the EPA). While the Court could thus consider Genesis's motion a motion for partial summary judgment, to the extent Genesis sought summary judgment on Brown's claim for retaliation under the EPA (and thus on all Brown's claims), the standard for EPA retaliation claims

2

1. Plaintiff alleges Genesis discriminated against him on the basis of his race and sex, paying him less than his similarly situated white female co-worker and subjecting him to racially motivated statements on the basis of his sex and race, and retaliated against him by suspending and ultimately terminating him for objecting to the purported discrimination. *Id.* Genesis filed a motion for summary judgment in which it seeks summary judgment as to all of Brown's causes of action[6] and asks the Court to dismiss Brown's complaint with prejudice. ECF No. 40. Genesis advances it should be granted summary judgment because Brown's claims all fail on the merits. ECF No. 40-1 at 5-12. Brown responded to Genesis's motion for summary judgment, ECF No. 43; Genesis did not reply.

The Magistrate Judge recommends the Court deny Genesis's motion for summary judgment. R & R. The Magistrate Judge suggests Genesis meets its burden to show nondiscriminatory or nonretaliatory reasons for its allegedly discriminatory and retaliatory actions, but Brown raises a material issue of fact as to whether those nondiscriminatory and nonretaliatory reasons are pretext for discrimination; thus Genesis's motion for summary judgment is due to be denied as to those claims. *Id.* at 7-19. The R & R also recommends Genesis fails to prove as a matter of law it paid employees differently based upon differences other than sex, and its motion for summary judgment should thus be denied as to Brown's EPA discrimination cause of action. *Id.* at 20-25.

Genesis filed objections. ECF No. 57. It first objects there is no genuine issue of material fact

---

is the same as that for such claims under Title VII. *Coleman v. Schneider Elec. USA, Inc.*, 755 F. App'x. 247, 250 n.1 (4th Cir. 2019), petition for cert. filed, (U.S. May 10, 2019) (No. 18-1426). Thus, the Court's analysis below regarding Brown's Title VII retaliation claims would also apply to Brown's EPA retaliation claim, and Genesis's motion for summary judgment as to Brown's EPA retaliation claim would be due to be denied for the same reason as noted below in relation to Brown's Title VII retaliation claims.

6 *See supra* note 5.

in relation to Brown's Title VII and SCHAL discrimination claims.[7] *Id.* at 2-5. Genesis next argues Brown has failed to show pretext as to his Title VII and SCHAL retaliation claims.[8] *Id.* at 5-6. Finally, Genesis advances it has met its burden on Brown's EPA discrimination claim. *Id.* at 6-7. For those reasons, Genesis avers it is entitled to summary judgment. ECF No. 57. Brown filed a reply to Genesis's objections. ECF No. 59. The Court reviews each of Genesis's objections in turn.

Genesis first objects Brown has failed to raise a genuine issue of material fact as to Brown's discrimination claims. ECF No. 57 at 2-5. Genesis provides three arguments in support of this objection. *Id.* First, Genesis advances the affidavit of Kesha Davis does not establish pretext. *Id.* at 3. Next, Genesis avers the Magistrate Judge erred in finding Genesis's decision to terminate Brown several days after sending him home, and without following its disciplinary policy, is evidence of pretext. *Id.* at 3-5. Finally, Genesis objects arguments about pay differential do not belong in the section of the R & R regarding pretext. *Id.* at 5. These arguments are unavailing.

Genesis's argument regarding the Davis affidavit fails for two reasons. First, Davis's affidavit is not the sole basis upon which the Magistrate Judge recommends Brown creates a genuine issue of material fact regarding whether Genesis's reasons for its allegedly discriminatory actions towards Brown were pretextual. *See* ECF No. 53 at 13-17 (providing multiple pieces of evidence by which Brown creates a genuine issue of material fact as to whether Genesis's reasons for allegedly discriminatory actions were pretext for discrimination). Second, to the extent Genesis argues Davis's opinion regarding Brown's performance is irrelevant as Davis was his co-worker, not the person who

---

[7] SCHAL claims proceed under the same analysis as the parallel Title VII claims. *Orr v. Clyburn*, 290 S.E. 2d 804, 806 (1982). Thus, the Court's analysis below respecting Title VII claims also applies to the parallel SCHAL claims.

[8] *See supra* notes 5, 7.

4

decided to terminate him, that argument is likewise unavailing. As Genesis notes, the Magistrate Judge correctly stated this rule, and thus suggested Davis's opinion of Brown's work was not itself evidence of pretext. *Id.* at 15. However, as the Magistrate Judge also noted, in firing Brown, Genesis relied in part on an opinion Davis purportedly held and co-authored, but now through her affidavit disavows having held. *Id.* Davis's affidavit thus shows Genesis's alleged nondiscriminatory reasons for terminating Brown may be false or based on a mistake of fact, and is therefore some evidence of pretext. *See Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 225 (4th Cir. 2019) ("In order to show pretext, a plaintiff may show that an employer's proferred nondiscriminatory reasons for the termination are inconsistent over time, false, or based on mistakes of fact.").

Genesis also argues its decision to terminate Brown several days after sending him home, and without following its disciplinary policy, was not evidence of pretext. ECF No. 57 at 3-5. Genesis bases this argument on: (1) the Magistrate Judge's suggestion that failure to follow the policy alone would likely not be evidence of pretext; (2) its claim that the incident which preceded Brown's firing was very serious, and Genesis needed time to consider what to do following the incident; and (3) the allegation the Magistrate Judge considered Brown's termination in isolation from Brown's alleged history of poor performance and insubordination. *Id.*

Like its arguments regarding the Davis affidavit, Genesis's claims regarding Brown's firing are without merit. First, as analyzed in relation to the Davis affidavit, Genesis's termination of Brown without following its disciplinary policy is not the sole evidence of pretext cited by the Magistrate Judge. *See* ECF No. 53 at 13-17 (providing multiple pieces of evidence to support Brown's pretext argument on the discrimination claims). Further, having reviewed the R & R, the Court notes the Magistrate Judge reviewed the context of Brown's firing vis-a-vis his job performance. *See id.* at 9-12

(listing and analyzing evidence of Brown's job performance and attitude on the job). Finally, having reviewed the record, the Court finds a question of material fact remains as to whether the incident which immediately preceded Brown's suspension and termination - an event involving Brown not getting his work done and being disrespectful towards his co-workers and supervisor - was "very serious," such that it could lead immediately to his suspension and ultimate termination under Genesis's disciplinary policy.

Genesis's final objection regarding Brown's discrimination claims is that analysis of differing pay between employees does not belong in the section of the R & R devoted to discrimination claims. ECF No. 57 at 5. As a preliminary matter, the Court notes Genesis offers no support for its argument differing pay should not be analyzed as pretext for discrimination. *See id.* Further, Brown's receiving lower pay than an allegedly comparable co-worker who belonged to a different group may be evidence of an adverse employment action which is required for a Title VII discrimination claim. *See McDonnell Douglas Corp.*, 411 U.S. 792, 802 (1973) (stating the elements of a *prima facie* case for Title VII discrimination). Brown's allegedly lower pay, when analyzed together with statements from his supervisor and employment records for Brown's comparator co-worker indicating there were no reasons that would justify a pay increase Brown's comparator received but Brown did not, also provides evidence that Genesis's reasons for differing pay were possibly false, and thus suggests pretext. *See Haynes*, 922 F.3d at 225. For the above reasons, the Court will overrule Genesis's objection to the Magistrate Judge's recommendation regarding Brown's Title VII and SCHAL discrimination claims.

Genesis also objects Brown fails to provide sufficient evidence of pretext for his retaliation claims. ECF No. 57 at 5-6. Genesis advances the Magistrate Judge failed to consider the context of Brown's firing, including his prior allegedly poor performance and insubordination, *id.*, and that these

6

were "clearly" "the but-for cause of [Brown's] termination[,]" *id.* at 6. The Court disagrees.

As noted above, the Magistrate Judge thoroughly analyzed the context of Brown's alleged insubordination and poor performance. Further, in a Title VII retaliation claim, to overcome a motion for summary judgment on the issue of pretext, the plaintiff's "burden is only to show that the protected activity was a but-for cause of [his] termination, not that it was the sole cause." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 218 (4th Cir. 2016). Having reviewed the record, the Court agrees with the Magistrate Judge: Brown has raised a genuine issue of material fact as to whether his complaints about pay were a but-for cause of his suspension and termination and Genesis's nonretaliatory reasons were pretext for retaliation. On that basis, the Court will overrule Genesis's objections regarding Brown's retaliation claims under Title VII, SCHAL, and EPA.

Genesis's final objection is that it has met its burden as to Brown's EPA discrimination claim. ECF No. 57 at 6-7. The Court disagrees.

To bring a claim for discrimination under the EPA, plaintiff must first make a *prima facie* showing that: (1) the employer paid higher wages to an employee of the opposite sex; (2) the comparator employee performed equal work to plaintiff, and the work required "equal skill, effort, and responsibility[;]" and (3) the comparator employee and plaintiff worked under similar conditions. *Spencer v. Virginia State Univ.*, 919 F.3d 199, 203 (4th Cir. 2019), petition for cert. filed, (U.S. July 3, 2019) (No. 19-30). Once plaintiff makes such a showing, the employer has to show the pay difference was based on something other than sex. *Id.* For the court to grant summary judgment to the employer on the ground that the pay difference was based on something other than sex, the court must find "that the proffered reason *did in fact* explain the wage disparity, not merely that it *could*." *Id.* at 206. Here, Genesis shows that its purported reason for the pay disparity - differences in experience -

7

"could" explain the pay disparities. However, having reviewed the record, the Court holds Genesis has not shown its reason "did in fact" explain the disparity. For that reason, the Court will overrule Genesis's final objection.

In sum, for the reasons stated above, Genesis's objections are due to be overruled. Further, having reviewed the R & R, the record, and the law, the Court can discern no clear error. For those reasons, the Court will overrule Plaintiff's objections and adopt the R & R.

### Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's R & R, ECF No. 53, to the extent it is consistent with this Order. Accordingly, any sexual harassment claims Brown sought to bring are **DISMISSED**, and the Court **DENIES** Defendant Genesis Healthcare, Inc.'s motion for summary judgment, ECF No. 40.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
August 12, 2018  R. Bryan Harwell
 Chief United States District Judge